**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PNC BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-7543 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CHICAGO TITLE LAND TRUST CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's motion to strike [34] Defendants' amended affirmative defenses and Plaintiff's motion for an order permitting Plaintiff access to two properties for the purposes of performing an appraisal [36], which Plaintiff titles as a "motion to request for inspection of properties." For the reasons set forth below, Plaintiff's motion to strike [34] is granted. Defendants' affirmative defenses are stricken without prejudice and with leave to amend. Plaintiff's motion to enforce its right of inspection [36] is denied without prejudice.

The Court notes that Plaintiff's first motion to strike [21] filed on 1/22/2015 is still pending as an active motion on the Court's docket, even though that motion was mooted by Defendants' filing of their amended answer [33] on 6/26/2015. Accordingly, the Clerk is instructed to terminate docket entry [21] as an active motion.

**I.  Background**

Plaintiff PNC Bank, N.A.[1] initiated this diversity action on September 29, 2014, seeking to foreclose a mortgage executed in 1994 (the "Mortgage") in the amount of $317,000. The Mortgage originally covered three residential properties on Bosworth Avenue (1401, 1420, and

---

[1] PNC Bank is the alleged legal holder of the promissory note and the Mortgage (as modified), as successor by merger to National City Bank, successor by merger to MidAmerica Bank, FSB, successor by merger to Mid Town Bank & Trust Company of Chicago.

1435) in Chicago's Noble Square neighborhood. The 1401 Bosworth Avenue property was later released from the Mortgage. The loan is evinced by a promissory note ("Note") and Mortgage, attached to the complaint as exhibits 2 and 3. [1, at 1-2 and 1-3.]

The basic allegation in the complaint is that Defendants are in default for failing to pay the 2009–2013 real estate taxes in full for the 1420 Bosworth Avenue property, and for failing to pay the 2007–2013 real estate taxes in full for the 1435 Bosworth Avenue property. The outstanding amount due on the mortgage is approximately $104,000, with interest accruing.

## II. Analysis

### A. Motion to Strike Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); see also *NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.*, 2015 WL 1520375, at *3 (N.D. Ill. Mar. 30, 2015) ("But where a defendant's asserted [affirmative defenses] are both legion and mostly frivolous, a motion to strike can aid the parties in resolving the case by removing irrelevant issues from consideration).

Affirmative defenses are pleadings and, as such, remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller*, 883 F.2d at 1294 (citing *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736–37 (N.D. Ill 1982)); *Shield Techs. Corp. v. Paradigm Positioning, LLC*, 2012 WL 4120440, at *10 (N.D. Ill. Sept. 19, 2012) (noting that affirmative defenses must be adequately pled under Rules 8 and 9 and must withstand a Rule 12(b)(6) challenge). While the Seventh Circuit has yet to weigh in on the issue, most courts in

this district have applied the "plausibility" pleading standard in *Twombly* and *Iqbal* to affirmative defenses. See *Lincoln Gen. Ins. Co. v. Joseph T. Ryerson & Son, Inc.*, 2015 WL 3819215, at *2 (N.D. Ill. June 18, 2015); *Naylor v. Streamwood Behavioral Health Sys.*, 2012 WL 5499441, at *7 (N.D. Ill. Nov. 13, 2012) (collecting cases).

### 1. First Affirmative Defense: Unclean Hands – Breach of Contract

Defendants' first affirmative defense carries the dual title of "Unclean Hands – Breach of Contract," in which Defendants allege that Plaintiff's foreclosure claims are barred because it failed to honor its contractual obligations pursuant to the Note and Mortgage to provide certain information regarding the loan at issue (including monthly statements showing payments and monthly invoices stating the upcoming monthly amount due):

> The Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff has failed to honor its obligations under the Note and Mortgage including refusing (prior to discovery) to provide information regarding the instant (non-delinquent) loan at issue (including specifically monthly statements showing payments, as well as monthly invoices stating the upcoming monthly amount due), which breaches preclude Plaintiff from seeking to invoke the court's equitable jurisdiction because PNC itself breached the terms of the mortgage.

[33, at 5.] Plaintiff argues that this affirmative defense is legally implausible because (a) Defendants fail to cite any specific provisions within the Note or Mortgage that require Plaintiff to provide the information at issue, (b) in fact, the Note and Mortgage do not contain any such provisions, and (c) Defendants failed to allege fraud, unconscionability, or bad faith in connection with their defense.

Regarding Plaintiff's first and second theories, Plaintiff argues that neither the Note nor the Mortgage contains a provision requiring Plaintiff to provide Defendants with monthly statements showing payments or monthly invoices stating the upcoming monthly amount due. [34, at 5–6.] In response, Defendants do not point to specific provisions of the Note and Mortgage that Plaintiff allegedly violated, but instead argue that "it is not implausible [that

3

Plaintiff] could have failed to meet one or more of the contractual obligations in a manner that may affect the equitable relief being sought." [41, at 3.] In other words, Defendants do not limit themselves to the two specific contractual breaches mentioned in their affirmative defense, treating those examples as illustrative, not exhaustive.

By shifting their allegation from the specific to the abstract, Defendants transform their defense into an inappropriate fishing expedition. More specifically, where the contractual documents at issue are attached as exhibits to the pleadings, Defendants cannot simply assert that Plaintiff violated *something* in the contract; the allegation must maintain its plausibility in the face of the contractual documents. Defendants' conjectural pleading fails to meet this standard of plausibility.

In addition, Defendants' specific allegation that Plaintiff failed to provide them with monthly statements and invoices also loses its plausibility when viewed in light of the contractual exhibits. In short, Plaintiff called Defendants' bluff, stating affirmatively that the Note and Mortgage do not contain the provisions that Defendants referenced. Defendants failed to identify the provisions in response. To be sure, Defendants do not need to advance a fully realized legal argument at this stage. However, because the Note and Mortgage are part of the pleadings, Defendants must at least show that the provisions in question actually exist. See *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss."). The Court cannot sanction potentially-costly discovery on an affirmative defense based on conjecture.

Plaintiff's remaining theory is that Defendants' failure to allege fraud, unconscionability, or bad faith in connection with their unclean-hands defense is fatal to that allegation. "'[U]nclean

4

hands' really just means that in equity as in law the plaintiff's fault, like the defendant's, may be relevant to the question of what if any remedy the plaintiff is entitled to." *Shondel v. McDermott*, 775 F.2d 859, 868 (7th Cir. 1985); *Scheiber v. Dolby Labs., Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002) ("The doctrine of 'unclean hands' * * * nowadays just means that equitable relief will be refused if it would give the plaintiff a wrongful gain."). "The bad conduct constituting unclean hands must involve fraud, unconscionability or bad faith toward the party proceeded against, and must pertain to the subject matter involved and affect the equitable relations between the litigants." *Int'l Union, Allied Indus. Workers of Am., AFL–CIO v. Local Union 589, Allied Indus. Workers of Am., AFL–CIO*, 693 F.2d 666, 672 (7th Cir. 1982) (internal quotation marks and citations omitted); *State Bank of Geneva v. Sorenson*, 521 N.E.2d 587, 591 (Ill. App. Ct. 1988) (same).[2]

Plaintiff is correct that Defendants failed to allege fraud, unconscionability, or bad faith, either expressly or by implication. In addition, Defendants failed to allege a plausible basis as to why Plaintiff's alleged contractual breaches would impact this foreclosure action (*e.g.*, that foreclosure is somehow contingent on the provision of monthly statements and invoices). In other words, as fashioned, Defendants' affirmative defense looks more like a counterclaim and less like an affirmative defense.

For these reasons, Defendants' first affirmative defense is stricken without prejudice and with leave to amend.

### 2. Second and Third Affirmative Defenses

In their response to Plaintiff's motion to strike, Defendants elected to withdraw their Second and Third affirmative defenses. These defenses are thus stricken without prejudice.

---

[2] The legal and factual sufficiency of an affirmative defense is examined with reference to state law. See *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

### B. Motion to Enforce Right of Inspection

Plaintiff moves this Court for an order allowing it access to the properties located at 1420 Bosworth Ave. and 1435 Bosworth Ave. for the purpose of performing appraisals on those properties. The Mortgage provides Plaintiff with a right of inspection:

> Lender's Right of Inspection. Lender, it's [sic] successors or assigns shall have the right to inspect the Premises at all reasonable times and access thereto shall be permitted for that purpose.

[1-3, at 8.] Defendants do not contest Plaintiff's right of inspection pursuant to this provision. Instead, Defendants' filed a "response and status report," potentially indicating that the issue has been resolved:

> 2. Undersigned counsel has conferred with counsel for Plaintiff, and has confirmed that Plaintiff seeks only an "appraisal" of 1435 N. Bosworth, Chicago, IL., and not an "Inspection," thereof, and that the request was erroneous in its entirety as to 1420 N. Bosworth, which PNC counsel has confirmed.
>
> 3. Counsel Felipe Gomez reports that he proposed to PNC Counsel Jacobsen, as to an appraisal, only, the dates of August 6, morning, or August 7, 2015, afternoon, for such appraisal, conditioned on the presence of one of the Defendants at all times during such access, as well as a copy of the appraisal report, and other such terms as are appropriate and just.
>
> 4. Defendants await Plaintiff's reply.

[39, at 1.]

The Court is unaware as to whether the issue has been resolved. At a minimum, counsel for Defendants has allegedly proposed dates on which Plaintiff can conduct the appraisals. This implies that the parties are working towards (or have arrived at) a resolution on the issue. As such, Plaintiff's motion [36] is denied without prejudice. If the parties are unable to resolve this issue on their own, Plaintiff may renew its motion. If Plaintiff does refile its motion, it should indicate the Court's jurisdictional basis for granting the requested relief.

### III. Conclusion

For these reasons, Plaintiff's motion to strike [34] is granted. Defendants' affirmative defenses are stricken without prejudice and with leave to amend. Plaintiff's motion to enforce its right of inspection [36] is denied without prejudice. Docket entry [21] is terminated as moot.

Dated: September 15, 2015 	_____
Robert M. Dow, Jr.
United States District Judge